CHARLES Ross, plaintiff in error, vs. BENJAMIN F. HAWKINS, administrator, and JANE A. KING, administratrix of JONAS KING, deceased, defendant in error.

Since the new bail Act of 1857, giving sureties the right of having their principals bailed immediately, the surety has no necessity to resort to a *ne exeat* against his principal. Bail accomplishes the same purpose, and the remedy on the common law side of the Court being equally adequate, a resort to equity will not be sustained.

In Equity, in Polk Superior Court. Decision by Judge HAMMOND, at April Term, 1859.

This was a bill by Hawkins, and Jane A. King, administrator and administratrix of Jonas King, deceased, against

Charles Ross, and alleges that complainants were appointed administrators of said Jonas, in the year 1838, and that their intestate, sometime prior to his death, united with the defendant in several promissory notes, amounting in the aggregate to a large amount, and that his name appears as one of the principals to said notes, when he was in fact, only the surety, and that defendant is really the principal, and alone received the consideration therefor; that said notes are due, and defendant fails and refuses to pay them.

The bill further states, that defendant owns a considerable number of slaves and other property; that he has recently carried a part of said slaves out of the State, for the purpose of avoiding the payment of these demands, and that complainants believe and charge, that he will run or carry off the remainder of his negroes and other property, and will remove himself and effects beyond the limits and jurisdiction of the State; that said defendant, by thus leaving the State and removing his property, designs to force the creditors holding the aforesaid notes to resort to the estate of complainant's intestate. The bill prays for a writ of *ne exeat*, &c. The writ of *ne exeat* issued, and defendant entered into bonds, conditioned not to depart the State, without the performance of the final decree which might be made in the case.

Afterwards, defendant demurred to the bill, and also filed his answer.

At April Term, 1859, the cause coming on to be heard on the demurrer, and a motion to discharge the *ne exeat*, the Court overruled the demurrer, and refused the motion to dismiss.

To which decision and refusal counsel for defendant excepted, and assigns the same for error.

Chisolm & Waddell, for plaintiff in error.

Printup & Harvey; and W. Akin, *contra*.

Scott vs. The State.

*By the Court.*—STEPHENS J. delivering the opinion.

We think the *ne exeat* ought to have been dismissed.  The Act of 1830, *Cobb's Dig. p.* 527, provides that in all cases of *ne exeat* the defendant shall be discharged upon giving bond with good security, *either* that he will not depart the State, *or* pay the eventual condemnation money.   The defendant has his *option,* and therefore all that is *secured* to the complainant by this process, is the presence of the defendant within the State.   The *same thing* is secured to him by the new bail Act of 1857, in favor of securities—*Acts of* 1857, *p.* 110; and his remedy being as good elsewhere, he has no necessity to resort to a Court of Equity.   It was said in argument, that a resort to equity was necessary, in order to obtain a discovery of the fact of suretyship.   That discovery has already been had, and there was no necessity to retain the bill for that purpose, even if it could not be had equally well on the common law side of the Court.   Besides all this, for myself, I think the affidavits in this case are too vague and flimsy to support a *ne exeat.*

Judgment reversed.